# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOEVINO ROCKY SERNA, | Case No.: 1:12-cv-01008-AWI-JLT |
| Petitioner, | ORDER VACATING JUDGMENT ENTERED MARCH 14, 2014 |
| v. | |
| M. McDONALD, | ORDER CONSTRUING MARCH 14, 2014 ORDER DENYING PETITION AS FINDINGS AND RECOMMENDATIONS |
| Respondent. | |
| | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PETITION (Doc. 29) |
| | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE (Doc. 1) |
| | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| | ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

1

**PROCEDURAL HISTORY**

On March 14, 2014, after both parties had responded to the merits of the petition, the Magistrate Judge assigned to this case filed an order denying the petition on its merits and ordered that judgment be entered against Petitioner. (Docs. 29 & 30). On April 14, 2014, Petitioner filed objections to the "Findings and Recommendations" to deny the petition. (Doc. 32). On August 11, 2014, Petitioner filed a petition for writ of mandamus in the United States Court of Appeals, Ninth Circuit, seeking an order from that Court to compel this Court to rule on the issuance of a certificate of appealability. (Doc. 33).

**DISCUSSION**

Because both parties had not consented to the jurisdiction of the Magistrate Judge at the time the order denying the petition was filed, the order denying the petition and the order for entry of judgment were unauthorized. The order denying the petition should have been filed as Findings and Recommendations. Accordingly, the Court must vacate the judgment entered by the Magistrate Judge on March 14, 2014. (Doc. 30). However, the Court will construe the Magistrate Judge's March 14, 2014 order denying the petition to be Findings and Recommendations to deny the petition on its merits. Petitioner has already filed his objections to those Findings and Recommendations. (Doc. 32).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes that the Magistrate Judge's construed Findings and Recommendations is supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the Magistrate Judge's analysis. Petitioner's primary argument in the objections is that he was drunk and had smoked a large amount marijuana. As such, Petitioner contends he was unable to form the required premeditation for first degree murder. This argument is not raised in the petition, and it does not appear to have ever been raised before the California Courts. As such, it is improper for the Court to consider this late argument.

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and

an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.

Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The judgment entered on March 14, 2014 (Doc. 30) is VACATED;
2. The order denying the petition for writ of habeas corpus issued on March 14, 2014 (Doc. 29), is hereby construed as Findings and Recommendations to deny the petition;
3. The construed Findings and Recommendations filed on March 14, 2014 (Doc. 29), is ADOPTED IN FULL;
4. The petition for writ of habeas corpus (Doc. 1), is DENIED with prejudice;
5. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file;
6. The Court DECLINES to issue a certificate of appealability.

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   August 29, 2014

SENIOR  DISTRICT  JUDGE

4